UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                  Chapter 7
                                                                            Case No. 17-72593 (REG)
MELISSA JEAN BRYANT,

               Debtor.
-----------------------------------------------------------------x
ANNA BEDARD,
                                                      Adv. Pro. No. __-_____(REG)

               Plaintiff,

       -against-

MELISSA JEAN BRYANT,

               Defendant.
-----------------------------------------------------------x

**COMPLAINT OF ANNA BEDARD SEEKING REVOCATION
OF DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(d)(1)**

Anna Bedard ("**Plaintiff**"), by and through her counsel, SilvermanAcampora LLP for her complaint (the "**Complaint**") against Melissa Jean Bryant (the "**Debtor**") seeking the revocation of the Debtor's discharge, respectfully represents and alleges as follows:

**NATURE OF ADVERSARY PROCEEDING**

1.    Plaintiff seeks to revoke the Debtor's discharge pursuant to U.S.C. § 727(d)(1).

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

3.    This adversary proceeding is a core proceeding as defined under 28 U.S.C. §157(b)(2)(I), (J) and (O).

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**THE PARTIES**

5.    The Debtor is an individual with a last known address at 6 West Walnut Street Farmingdale, New York 11735.

6.  Plaintiff is an individual with a last known address at 353 N. Kentucky Avenue, Massapequa, New York 11758.

## BACKGROUND FACTS COMMON TO CLAIMS FOR RELIEF

### The State Court Action and the Judgment

7.  On or about December 16, 2011, Plaintiff commenced a personal injury action against the Debtor in the Supreme Court of the State of New York, County of Nassau (the "**State Court**"), entitled *Anna Bedard v. Melissa Jean Bryant*, Index No. 017555/2011 (the "**PI Action**"), arising from a motor vehicle accident that occurred on or about December 7, 2009 (the "**Accident**").

8.  On January 17, 2017, the State Court signed a judgment in favor of Plaintiff, which was entered by the Clerk of the Court on March 6, 2017, in the gross sum of $2,002,446.07 (the "**Judgment**").

9.  On March 24, 2017, The Ruth E. Bernstein Law Firm, Plaintiff's State Court counsel ("**Plaintiff's State Court Counsel**") served a true and correct copy of the Judgment upon the Debtor's State Court counsel.

### The Alleged Bad Faith By GEICO

10. Because the Debtor was insured by The Government Employees Insurance Company ("**GEICO**") under a liability policy (the "**Policy**") at the time of the Accident, GEICO, by and through its retained counsel, Picciano & Scahill ("**GEICO's Counsel**") undertook the defense of the PI Action on behalf of the Debtor.

11. Upon information and belief, GEICO, by its employees, agents and/or assigns, including GEICO's Counsel, breached its duty to accurately and competently investigate and analyze the merits of PI Action.

12. Upon information and belief, GEICO, by its employees, agents and/or assigns, including GEICO's Counsel, had a duty to advise its insured, the Debtor, about the progress of settlement negotiations, and to inform the Debtor of any and all offers made by Plaintiff to settle her claims against Debtor within the Policy's $300,000 liability limits.

13. GEICO, by its employees, agents and/or assigns, including GEICO's Counsel, breached that duty.

14. Upon information and belief, GEICO, by its employees, agents and/or assigns, including GEICO's Counsel, had a duty to reasonably and realistically investigate and analyze the likelihood that a jury trial of the PI Action would result in a jury verdict fair in excess of the Policy under which GEICO insured the Debtor for her negligent use and operation of the vehicle.

15. GEICO, by its employees, agents and/or assigns, including GEICO's Counsel, breached that duty.

16. Upon information and belief, pursuant to the terms, provisions and conditions of the Policy, GEICO, including GEICO's Counsel, breached its duty to perform the overall administration, supervision and management of Plaintiff's claims for personal injuries against the Debtor in good faith (collectively, the "**Bad Faith/Malpractice Claim**").

**The Debtor's Bankruptcy and Fraudulent Conduct**

17. On April 28, 2017, the Debtor, by and through her bankruptcy counsel, filed a voluntary petition and schedules (collectively, the "**Petition**") for relief in accordance with chapter 7 of title 11, United States Code (the "**Bankruptcy Code**") in this Court.

18. By Notice of Chapter 7 Bankruptcy Case filed on May 1, 2017, Marc A Pergament was appointed as the Debtor's chapter 7 trustee (the "**Trustee**").

19. According to the Petition, Plaintiff is the Debtor's only creditor.

20. According to the Petition, the Debtor failed to schedule the Bad Faith/Malpractice Claim as an asset of the estate.

21. According to the Petition, the Debtor failed to schedule Plaintiff individually as a creditor.

22. Upon information and belief, this was intentionally done by the Debtor in an effort to conceal the Debtor's bankruptcy case from Plaintiff in order to fraudulently obtain a discharge without the risk of an objection by Plaintiff.

23.     According to the Petition, the Debtor scheduled Plaintiff as a creditor c/o Plaintiff's State Court Counsel at an incorrect address despite having known the correct address during the approximate six (6) years of litigating the PI Action.

24.     Upon information and belief, this was intentionally done by the Debtor in an effort to fraudulently conceal the Debtor's bankruptcy case from Plaintiff in order to fraudulently obtain a discharge without the risk of an objection by the Plaintiff.

25.     Because of the Debtor's fraudulent acts, Plaintiff and her counsel did not receive notice of the Debtor's bankruptcy case prior to the deadline to object to the Debtor's discharge.

26.     At the §341(a) First Meeting of Creditors held on May 30, 2017, the Debtor appeared, submitted to examination, and testified that she had no potential law suits or claims against third parties despite the existence of the Bad Faith/Malpractice Claim.

27.     Upon information and belief, the Debtor fraudulently concealed the existence of the Bad Faith/Malpractice Claim so that her case would be closed as a "no asset" estate and she would receive a discharge without the need for any additional administration, including notice to Plaintiff, thereby avoiding a potential discharge objection from Plaintiff.

28.     As a result of the Debtor's fraudulently concealments, on May 31, 2017, the Trustee filed his Report of No Distribution (the "**NDR**") seeking to close the case as a "no asset" estate and to be relieved from his duties as Trustee.

29.     On August 4, 2017, the Debtor received her discharge.

**The Discovery of the Debtor's Bankruptcy Case**

30.     Upon information and belief, Plaintiff only learned of the Debtor's bankruptcy case after Plaintiff's State Court Counsel, well after the time to oppose the Debtor's discharge, performed an independent bankruptcy court search.

31.     Upon learning of the Debtor's bankruptcy case, Plaintiff's State Court Counsel contacted the Trustee advising the Trustee of, among other things, the Bad Faith/Malpractice Claim.

32. Upon information and belief, shortly after learning of the existence of the Bad Faith/Malpractice Claim, on August 3, 2017, the Trustee filed a rescission of the NDR.

33. On August 8, 2017, the Trustee filed a Notice of Discovery of Assets.

34. On September 12, 2017, the Debtor filed amended schedules listing the Bad Faith/Malpractice Claim as an asset of the estate.

35. Based upon all of the foregoing, the Debtor knowingly and fraudulently: (i) failed to properly notice Plaintiff and Plaintiff's State Court Counsel of her bankruptcy case; and (ii) concealed the Bad Faith/Malpractice Claim from the Trustee, and thereby obtained her discharge through fraud.

**FIRST CLAIM FOR RELIEF**
**Vacatur of Debtor's Discharge**
**Pursuant to Bankruptcy Code § 727(d)(1)**
(incorporating all prior allegations)

36. Upon information and belief, the Debtor obtained her discharge through fraud and had the intent to hinder, delay or defraud the creditors of the estate and the Trustee.

37. Accordingly, the Debtor's discharge should be vacated pursuant to Bankruptcy Code §727(d)(1).

**WHEREFORE**, Plaintiff demands judgment against the Debtor as follows:

a) on her first claim for relief for an Order revoking the Debtor's discharge pursuant to 11 U.S.C. § 727(d)(1); and

b) for such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
August 2, 2018

**SILVERMANACAMPORA LLP**
Attorneys for Plaintiff Anna Bedard

By:   s/ Justin S. Krell
Justin S. Krell
Counsel to the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300