UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:                                                                               Chapter 7

Melissa Jean Bryant f/k/a Melissa Gace,                          Case No. 817-72593-A736

                Debtor.

-----------------------------------------------------------X

Order Authorizing the Retention of Special
Counsel to the Trustee

        UPON reading and filing the application of Marc A. Pergament, Chapter 7 Trustee (the "Trustee") for the estate of Melissa Jean Bryant f/k/a Melissa Gace (the "Debtor"), dated July 3, 2018, and the affidavit of Ruth E. Bernstein, Esq., of the law firm of Ruth E. Bernstein Law Firm sworn to the 3rd day of July, 2018, seeking the entry of an order pursuant to Title 11, United States Code (the "Bankruptcy Code") § 327(e) and Federal Rule of Bankruptcy Procedure ("F.R.B.P."), Rule 2014, authorizing the retention of Ruth E. Bernstein Law Firm as Special Counsel ("Special Counsel") and after due deliberation, it being determined that the relief requested is necessary for the administration of this estate, and this Court being satisfied that the attorney does not hold or represent any interest adverse to the Trustee, the Debtor, or its estate with respect to the matter upon which the attorney is to be retained, and is a disinterested person within the meaning of 11 U.S.C. §§ 101(14) and 327(a) and that his employment is necessary and would be in the best interest of the estate, and no further notice being required and sufficient cause having been shown, it is

        ORDERED, that the Trustee is authorized to retain Ruth E. Bernstein Law Firm, as Special Counsel, pursuant to 11 U.S.C. §§ 327(e) and 328 of the Bankruptcy Code, and F.R.B.P. Rule 2014(a), to be commenced to prosecute and conclude an action against GEICO Insurance Company and Picciano & Scahill, P.C. (the "Action") and to be compensated for the services

rendered and the disbursements made pursuant to a contingency retainer with all fees and expenses payable only upon application pursuant to 11 U.S.C. Sections 330 and 331 and Order of the Court; and it is further

ORDERED, that the action to be commenced shall identify the plaintiff as "Marc A. Pergament, as Trustee of the Estate of Melissa Jean Bryant f/k/a Melissa Gace;" and it is further

ORDERED, that each and every April 1 and October 1 following the date of this order, the Special Counsel shall report to the Trustee and to the Trustee's satisfaction, by letter, detailing the status of the Action; and it is further

ORDERED, that any settlement of the Action shall be subject to the Trustee's written consent and subject to approval of this Court upon the Trustee's motion to the court; and it is further

ORDERED, that upon settlement or other liquidation of the claims being prosecuted in the Action, the gross proceeds from the settlement or other liquidation shall be turned over to the Trustee upon receipt by Special Counsel and/or the Debtor for the distribution by Trustee in accordance with orders of this court and/or the Bankruptcy Code; and it is further

ORDERED, that within 30 days of entry of this order, Special Counsel shall comply with Rule 691.20 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York (22 NYCRR 691.20); and file with the Office of Court Administration of the State of New York a written statement of this retention with a copy of this order annexed thereto; and serve upon the Trustee and file with this Court a duplicate of any documents filed with the Office of Court Administration of the State of New York related to the Action; and it is further

ORDERED, that notwithstanding anything else contained in this order, Special Counsel is directed to maintain contemporaneous time records of the services performed for the

Estate in a manner consistent with the Bankruptcy Code and the United States Trustee's Guidelines; and it is further

ORDERED, that the issuance of the discharge of the Debtor by the Bankruptcy Court shall not divest the Trustee and the Estate of the debtor of any interest in the Action or the proceeds derived therefrom.

No Objection
Office of the United States Trustee


By:     /s/  Stan Y. Yang  8/9/2018



**Dated: Central Islip, New York**                                     **Robert E. Grossman**
       **August 19, 2018**                                              **United States Bankruptcy Judge**